IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:11-cv- 00641 |
| v. | ) ) | COMPLAINT |
| BOJANGLES' RESTAURANTS, INC. | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Shannie Norfleet ("Norfleet") and other similarly situated female employees who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges Bojangles' Restaurants, Inc. ("Defendant") subjected. Norfleet and other similarly situated female employees to a sexually hostile work environment because of their sex, female. The Commission further alleges Defendant discharged Norfleet in retaliation for complaining about the sexual harassment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the state of North Carolina and the City of Greensboro, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Shannie Norfleet filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. <u>Sexual harassment</u>. From approximately mid-2008 to July 2009, Defendant engaged in unlawful employment practices at one of its corporately-owned restaurants (located at 1901 East Cone Boulevard), in Greensboro, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Norfleet to sexual harassment that created a sexually hostile work environment based on her sex, female.

8. Defendant hired Norfleet as a Service Leader in October 2006. In or around early 2008, Defendant's male Store Manager/Unit Director ("Store Manager") transferred to the Greensboro, North Carolina restaurant where Norfleet worked. Approximately three to four months after the Store Manager started working at that restaurant, he began subjecting Norfleet to unwelcome sexual comments, touching, and requests for oral sex and other sexual favors. The harassment was severe or pervasive in that it occurred on a daily or near-daily basis throughout the remainder of Norfleet's employment with Defendant.

9. Specifically, Defendant's Store Manager asked Norfleet on a daily or near-daily basis for oral sex in exchange for the upcoming weekend off. Defendant's Store Manager also told Norfleet several times that her lips were "shiny" and that her lips "would look good on [his] dick."

10. In or around February or March 2009, Defendant's Store Manager arranged to give Norfleet a ride to work on one of her days off because Defendant's restaurant was understaffed and needed more employees to report to work. En route to the restaurant, the Store Manager pulled over into a parking lot adjacent to Defendant's restaurant, grabbed his crotch, and asked Norfleet to "touch [him]" and perform oral sex on him.

11. In or around April 2009, Defendant's Store Manager closed Norfleet in a shed located a few yards outside Defendant's restaurant, unzipped his pants, exposed his penis, and asked Ms. Norfleet to "jack [him] off."

12. On numerous occasions during Norfleet's employment, Defendant's Store Manager approached her in the restaurant's cooler and asked her to either touch his penis or perform oral sex on him.

13. On at least three or four occasions, Defendant's Store Manager intentionally rubbed his crotch against Norfleet while she was bending over to retrieve items from the shelves below the cash registers and food counter.

14. The harassment was unwelcome to Norfleet in that she refused each one of Defendant's Store Manager's requests for oral sex and sexual favors.

15. In or around April 2009, following the incident in Defendant's outdoor shed, Norfleet complained to Defendant's Area Director, the Store Manager's supervisor, that the Store Manager had tricked her into the shed and exposed his penis. The harassment continued shortly after her complaint.

16. On or about June 25, 2009, Norfleet complained to Defendant's Senior Director of Human Resources ("Senior Director") about the sexual harassment. Norfleet

4

told the Senior Director that she had previously complained to Defendant's Area Director, however, the harassment was not resolved.

17. On or about July 14, 2009, Norfleet filed a complaint via Defendant's Human Resources Department Harassment Line, about the Store Manager's inappropriate comments. In the complaint, Norfleet once again stated that previous complaints were ineffective in terms of resolving the harassment.

18. Defendant is liable for subjecting Norfleet to a sexually hostile work environment because the harasser who perpetrated the sexual harassment was a supervisor in the direct line of authority over Norfleet.

19. In addition to subjecting Norfleet to the sexually hostile work environment which began at Defendant's 1901 East Cone Boulevard location as early as mid-2008, Defendant has subjected other similarly situated female employees to similar unwelcome conduct based on their sex - female.

20. <u>Retaliation</u>. On or about July 19, 2009, Defendant engaged in unlawful employment practices at one of its corporately-owned restaurants (located at 1901 East Cone Boulevard), in Greensboro, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Norfleet because she opposed employment practices made unlawful by Title VII. Specifically, Norfleet complained to Defendant about the sexual harassment multiple times, including to Defendant's Area Director in or around April 2009, to Defendant's Senior Director of Human Resources on or about June 25, 2009, and finally, via Defendant's Human Resources Department Harassment Line on

5

Case 1:11-cv-00641-JAB-JEP   Document 1   Filed 08/15/11   Page 5 of 8

or about July 14, 2009.  Defendant, through the official act of the Store Manager who perpetrated the harassment, discharged Norfleet on or about July 19, 2009.

21.     The effect of the practices complained of above has been to deprive Shannie Norfleet and other similarly situated female employees of equal employment opportunities because of their sex, female.

22.     The effect of the practices complained of above has been to deprive Shannie Norfleet of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

23.     The unlawful employment practices complained of above were intentional.

24.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shannie Norfleet and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment or engaging in any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

6

Case 1:11-cv-00641-JAB-JEP   Document 1   Filed 08/15/11   Page 6 of 8

or about July 14, 2009.  Defendant, through the official act of the Store Manager who perpetrated the harassment, discharged Norfleet on or about July 19, 2009.

21.     The effect of the practices complained of above has been to deprive Shannie Norfleet and other similarly situated female employees of equal employment opportunities because of their sex, female.

22.     The effect of the practices complained of above has been to deprive Shannie Norfleet of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

23.     The unlawful employment practices complained of above were intentional.

24.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shannie Norfleet and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment or engaging in any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Shannie Norfleet by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Shannie Norfleet and other similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Shannie Norfleet and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Shannie Norfleet and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 15th day of August, 2011.

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        **/s/ Lynette A. Barnes**
        LYNETTE A. BARNES (NC Bar #19732)
        Regional Attorney

        TINA BURNSIDE (WI Bar #1026965)
        Supervisory Trial Attorney

        **/s/ Darryl L. Edwards**
        DARRYL L. EDWARDS (PA Bar #205906)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202
        Telephone: 704.954.6467
        Facsimile: 704.954.6412
        Email: darryl.edwards@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**