IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>SHANNIE C. NORFLEET,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>BOJANGLES' RESTAURANTS, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:11cv641 |

## CONSENT DECREE

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Bojangles' Restaurants, Inc. ("Defendant") subjected Shannie C. Norfleet to a sexually hostile work environment because of her sex, female. The Commission further alleged Defendant discharged Norfleet in retaliation for complaining about the sexual harassment. Thereafter, Shannie C. Norfleet intervened, through counsel, alleging the same violations of Title VII. The Commission, Plaintiff-Intervenor, and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. Defendant denies the allegations brought by the Commission in the Complaint. Defendant enters this Consent Decree to settle disputed claims and its entry into this Consent Decree is not

an admission of liability, wrongdoing, or fault in the allegations brought. The Commission and Plaintiff-Intervenor do not disavow the allegations contained in the Complaints.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate based on sex, including by subjecting any employees to a hostile work environment based on sex, in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of $33,426 in settlement of the claims raised in this action. Defendant shall issue two separate checks made payable to "Shannie C. Norfleet." Defendant shall make payment as follows: 1) a check to Ms. Norfleet for twelve thousand six hundred ninety-three dollars and seventeen cents ($12,693.17) representing compensatory damages and personal injury, which shall be reported in an IRS form 1099 Miscellaneous Income Statement; and 2) a separate payroll check to Ms. Norfleet for eight thousand three hundred fifty-six dollars and fifty cents ($8,356.50) minus standard income withholdings

consistent with the last W-4 form completed by Ms. Norfleet during her employment. A third check, for attorneys' fees and expenses incurred by Shannie C. Norfleet, shall be made payable to Carruthers & Roth, P.A. in the amount of twelve thousand three hundred seventy-six dollars and thirty-three cents ($12,376.33). Payment shall be made within thirty (30) days after the General Release Agreement is signed by Defendant and Ms. Norfleet, and Defendant shall mail the two checks to Ms. Norfleet at an address to be provided to Defendant by her attorney. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, copies of the checks and proof of their delivery to Ms. Norfleet.

4. Defendant certifies to the Commission that there are no documents within the employment records of Shannie C. Norfleet that reference the facts and circumstances which led to this lawsuit, or to the filing of EEOC charge Number 435-2009-00958. All such documents are contained separately in a file maintained by Defendant's Legal Counsel.

5. Defendant shall provide Shannie C. Norfleet with a neutral reference in response to any inquiries about Ms. Norfleet's employment with Defendant by prospective employers. The information given by Defendant shall be limited to Ms. Norfleet's position and her dates of employment.

6. Defendant has a policy that forbids harassment on the basis of sex and other protected groups under Title VII. The policy is attached hereto as Exhibit A. Defendant shall maintain the policy throughout the term of this Decree. Further, within thirty (30) days of the entry of this Decree by the Court, Defendant shall redistribute its policy to each employee, manager, and supervisor within Area 33 of Defendant's Region 3. Area 33 includes each store, including Defendant's restaurant located at 2011 East Cone Boulevard, Greensboro, NC, that is provided in the list attached hereto as Exhibit B. Within forty-five (45) days after the Consent

Decree is entered, Defendant will notify the Commission of its compliance with this provision. Finally, during the term of this Decree, Defendant shall review its policy with each new employee at the time of hiring.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in its restaurants located at 2011 East Cone Boulevard, Greensboro, NC, and 3300 N. Patterson Avenue, Winston-Salem, NC. The policy shall be posted in a place where it is visible to employees. If the policy becomes defaced or unreadable at either location, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after this Decree is entered, Defendant will post the policy and notify the Commission of compliance with this provision.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in Area 33 of Defendant's Region 3. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against both sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the

specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in its restaurants located at 2011 East Cone Boulevard, Greensboro, NC, and 3300 N. Patterson Avenue, Winston-Salem, NC.  If the Notice becomes defaced or unreadable at either location, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  This reporting provision applies to all restaurants within Area 33 of Defendant's Region 3, and shall include the following information:

> A. The identities of all individuals who, during the previous six (6) months, have:  (i) complained about comments or conduct based on sex; or (ii) complained about comments or conduct that the individual believes violates Defendant's sexual harassment policy; or (iii) complained about comments or conduct that constitutes harassment based on sex under Title VII of the Civil Rights Act of 1964; or (iv) filed a charge, given testimony, or assistance, or participated in any investigation, proceeding or hearing about comments or conduct based on sex, or alleged harassment based on sex under the foregoing statute.  The identification of the individual(s) should include each person's name, address, telephone number, position, and social security number;
>
> B. For each individual identified in 10.A. above, provide a brief description of the individual's complaint and explain how Defendant responded to the incident, including but not limited to: (1) whether an investigation was conducted; (2) who conducted the investigation; (3) the names of everyone interviewed as part of the investigation; and (4) the outcome of the investigation;

C. For each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D. For each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's restaurants, interview employees, and examine and copy documents. Specifically, the Commission may inspect Defendant's restaurant located at 2011 East Cone Boulevard, as well as all of Defendant's restaurants located within Area 33 of Region 3.

12. If at any time during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED this the 24th day of September, 2012.

_____
United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 20th day of September, 2012.

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | BOJANGLES' RESTAURANTS, INC, Defendant |
|---|---|
| LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney<br><br>TINA BURNSIDE (WI Bar #1026965)<br>Supervisory Trial Attorney<br><br>**/s/ Darryl L. Edwards**<br>DARRYL L. EDWARDS (PA Bar ID # 205906)<br>Trial Attorney<br>Email: darryl.edwards@eeoc.gov<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone:  (704) 344-6875 (direct dial)<br>Facsimile:   (704) 344-6780<br><br>**SHANNIE C. NORFLEET, Plaintiff-Intervenor**<br><br>**/s/ Kenneth R. Keller**<br>Kenneth R. Keller<br>NC State Bar # 6238<br>krk@crlaw.com<br>Attorney for Shannie C. Norfleet<br><br>CARRUTHERS & ROTH, P.A.<br>P.O. Box 540<br>Greensboro, NC  27402<br>(336) 379-8651<br><br>**Attorneys for Plaintiffs** | /s/ Charles E. Johnson<br>Charles E. Johnson<br>N.C. Bar No. 9890<br>Angelique R. Vincent<br>N.C. Bar No. 29547<br>Brian L. Church<br>N.C. Bar No. 39581<br><br>ROBINSON BRADSHAW & HINSON, P.A.<br>101 North Tryon Street, Suite 1900<br>Charlotte, North Carolina 28246<br>Telephone:   (704) 377-2536<br>Facsimile:     (704) 378-4000<br>Email:   cejohnson@rbh.com<br>            avincent@rbh.com<br>            bchurch@rbh.com<br><br>**Attorneys for Defendant Bojangles' Restaurants, Inc.** |

**EXHIBIT A**

**ANTI-HARASSMENT/DISCRIMINATION POLICY**

Bojangles' does not tolerate any form of illegal workplace harassment and/or discrimination by any of its employees, customers or vendors. Any form of illegal harassment or discrimination that is related to an individual's race, color, religion, sex, gender, age, national origin, disability, genetic information, pregnancy, or any other characteristic protected by law is a violation of this policy for which appropriate disciplinary action will be taken.

For purposes of this policy, harassment includes any type of misconduct based on any protected characteristic that is unwelcome to any employee. No policy can identify the full range of behaviors that are unacceptable in the workplace or that constitute harassment. Prohibited acts can take a variety of forms. Harassment on the basis of any protected characteristic is strictly prohibited. Harassment can include verbal or physical conduct that demeans or shows hostility or dislike toward another employee because of his/her race, color, religion, sex, age, national origin, disability, genetic information, pregnancy or any other characteristic protected by law, or that of his/her relatives, friends or associates, and that;

(i) has the purpose or effect of creating an intimidating, hostile or offensive work environment;
(ii) has the purpose or effect of unreasonably interfering with an individual's work performance; or
(iii) otherwise adversely affects an individual's employment opportunities.

Harassing conduct includes, but is not limited to: epithets, slurs, negative stereotyping; threatening, intimidating or hostile acts; demeaning jokes; displaying written or graphic materials in the workplace that demeans or shows hostility toward an individual employee or group of employees.

Sexual harassment constitutes discrimination based on sex or gender and is illegal under federal, state and local laws. For the purposes of this policy, sexual harassment is defined to include unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual or gender-based nature when, for example;

(i) submission to such conduct is made either explicitly or implicitly a term or condition of employment;
(ii) submission to or rejection of such conduct is used as the basis for decisions affecting an individual's employment; or
(iii) such conduct has the purpose or effect of creating an intimidating, hostile or offensive working environment.

Sexual harassment may include a range of behaviors and may involve individuals of the same or different gender. These behaviors may include, but are not limited to, unwanted physical conduct, including touching, pinching, brushing the body, blocking movement or any physical interference with normal movement. Verbal harassment includes offensive comments, jokes,

innuendoes and sexually oriented statements and comments that ridicule, insult or otherwise demeans an employee's gender. Sexual harassment may also include non-verbal conduct such as displaying sexually suggestive objects, pictures, graffiti or making obscene gestures.

This policy applies to all applicants and employees, and prohibits harassment, discrimination and retaliation whether engaged in by an employee, by a manager or supervisor or by someone not directly connected to the Company (a vendor, consultant or customer). Conduct described in this policy is unacceptable in the workplace and in any work-related setting, such as business trips, meetings and business- related social events.

## RETALIATION

The Company prohibits retaliation against any individual who makes a good faith report of discrimination or harassment in the workplace. Likewise, the Company prohibits retaliation against any individual who assists or participates in the investigation of such reports. Retaliation is a serious violation of this policy, and anyone engaging in such conduct will be subject to disciplinary action, up to and including immediate termination of employment.

**Reporting an Incident of Harassment, Discrimination or Retaliation**

The Company requires employees to immediately report all incidents of harassment, discrimination or retaliation, regardless of the offender's identity or position within the Company. Any person who believes they have experienced or witnessed harassment, discrimination, retaliation or other conduct that is contrary to this policy must report it to his/her Unit Director, Area Director, Regional Vice-President or the Director of Human Resources at 1-800-849-3360, Ext. 8634. Employees may also call the Human Resources Hotline at 1-800-849-3360, Ext. 8401 or the Employee Awareness Hotline at 1-800-514-4227 to make a report. No one is authorized to tell or even suggest to any employee that he/she not report a violation of this policy. Any employee who has any questions or concerns about this policy may contact the Human Resources Department.

Immediate reporting and intervention are the most effective method of resolving actual or perceived incidents of harassment, discrimination or retaliation. The Company will conduct a prompt investigation of all complaints of harassment, discrimination and retaliation. Every effort will be made to keep matters related to the investigation confidential to the extent reasonably possible. Appropriate corrective or disciplinary action will be taken against any employee who has violated this policy.

**EXHIBIT B**

AREA 33

JASON GILBERT

|   | Address | City | ST | Zip | Store Phone |
|---|---|---|---|---|---|
| **26** | 3737 High Point Road | Greensboro | NC | 27407 | 336-299-4419 |
| **88** | 1100 E. Bessemer Avenue | Greensboro | NC | 27407 | 336-274-6679 |
| **265** | 2315 S. Elm-Eugene Streets | Greensboro | NC | 27409 | 336-272-5607 |
| **407** | 915 Hwy. 66 South | Kernersville | NC | 27284 | 336-993-5800 |
| **450** | 651 Regional Rd., S | Greensboro | NC | 27409 | 336-812-3542 |
| **455** | 4409 Landover Road | Greensboro | NC | 27407 | 336-855-5905 |
| **474** | 2903 Battleground Avenue | Greensboro | NC | 27404 | 336-282-0966 |
| **834** | 304 Pisgah Church Road | Greensboro | NC | 27455 | 336-545-4019 |
| **876** | 2011 E. Cone Blvd. | Greensboro | NC | 27405 | 336-375-0307 |

**EXHIBIT C**

## NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission (EEOC) and Bojangles' Restaurants, Inc., in a case of a hostile work environment based on sex, and retaliatory discharge.

2. Federal law requires employers not to discriminate against any employee or applicant for employment because of his race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees who have opposed unlawful employment discrimination, or given testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Bojangles will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.